UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KUEST CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| AIRTROL, INC., | § | CIVIL ACTION NO. |
| | § | |
| Defendant, | § | SA-06-CV-0402 OG |
| ------------------------------------------------------ | § | |
| | § | |
| AIRTROL, INC., | § | |
| | § | |
| Counter-Plaintiff, | § | |
| v. | § | |
| | § | |
| KUEST CORPORATION, | § | |
| | § | |
| Counter-Defendant. | § | |

**ORDER GRANTING MOTION TO EXPEDITE (DOCKET # 17) AND MOTION FOR PROTECTIVE ORDER (DOCKET # 15), DENYING MOTION TO SNAP BACK DOCUMENTS (DOCKET #14) AND MOTION FOR HEARING (DOCKET # 16), AND RETURNING CASE TO DISTRICT COURT**

The matters before the Court are several recently filed discovery related motions which have been referred to me for disposition. The motions concern the location of a Rule 30(b)(6) deposition which Kuest Corporation noticed of Airtrol for December 12, 2006 in Houston. Airtrol argues that the deposition should take place in St. Louis County, Missouri, which is the location of its corporate residence and it seeks a protective order to require the deposition to take place there. The motions also concern a set of documents which Kuest produced in September which it now asks be "snapped back" under a State rule of procedure which allows for correction

1

of inadvertent disclosure of privileged information.

Because the motion for a protective order concerns a deposition scheduled for December 12, the motion to expedite (docket # 17) is GRANTED. After reviewing the motions and attachments, I find no need to call the parties together for a hearing. Accordingly, the motion for hearing (docket # 16) is DENIED.

I will first address the controversy concerning the location of the deposition. Rule 30(b)(6) depositions should ordinarily be taken at the corporation's principal place of business.[1] Airtrol's principal place of business is in Missouri. Nevertheless, Kuest noticed the deposition for Houston, at the offices of Airtrol's attorneys. Kuest argues that the court should exercise its discretion and require the deposition to go forward in Houston, which would allow counsel for Kuest, who resides in San Antonio, to drive to the deposition; only the Airtrol corporate representative(s) would be required to travel by air. In contrast, Kuest argues that if the deposition were to be held in Missouri two sets of attorneys would be required to travel by air, at greater expense to all the parties.

None of the arguments offered by Kuest are sufficient to upset the general rule. Kuest has not shown that the burden associated with its counsel traveling to Missouri is unfair as compared to the burden associated with Airtrol's corporate representative(s) traveling to Houston. Additionally, Airtrol's having removed the case from state district court in Bexar County to this federal court and its filing of what likely is a compulsory counterclaim, does not serve to displace the general rule concerning the location of the corporate deposition.

---

[1] **See e.g.**, **Dwelly v. Yamaha Motor Corp.**, 214 F.R.D. 537, 541 (D. Minn. 2003).

Having failed to justify departure from the general rule, Kuest's objections to the motion for a protective order are overruled and the motion for protective order (docket # 15)GRANTED, such that Airtrol is not required to appear in Houston for the Rule 30(b)(6) deposition.

Also before the Court is Airtrol's motion to "snap back" what it argues was an inadvertent disclosure of documents protected by the attorney client privilege. Airtrol relies on Texas Rule of Civil Procedure 193.3(d) which it argues is applicable in this federal diversity case.

Without addressing whether the subject documents enjoy protection from disclosure pursuant to the attorney client privilege,[2] the issue before the Court initially involves the application and interpretation of discovery rules. Generally, federal rules of procedure govern discovery disputes in diversity cases.[3] Accordingly, Airtrol's reliance on a Texas Rule of Procedure in this federal litigation is misplaced. While recent amendments to Federal Rule of Civil Procedure 26(f)(4) acknowledge the problem of inadvertent disclosure of privileged information and authorize a procedure for the parties to enter into as part of their discovery planning to "claw back" such disclosures and preserve claims of privilege to those documents, Airtrol's motion is not premised on this rule or on such an agreement. Importantly, this disclosure took place in mid-September. Thereafter, the documents were authenticated in mid-

---

[2] The subject documents appear to be correspondence between the prime contractor for a project, the project owner and Airtrol, which was the first tier subcontractor on the project. As the party asserting a claim of privilege, Airtrol has the burden to establish the existence of the privilege as to the subject documents. **Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.**, 768 F.2d 719, 721 (5th Cir. 1985). Its motion is devoid of any development of information to establish the application of the asserted privilege.

[3] 8 Charles Alan Wright et al., **Federal Practice & Procedure** § 2005 (1994).

October and mid-November by non-parties through depositions on written questions propounded by Kuest on October 10. The Rule 31 request was served on Airtrol. Nevertheless, Airtrol did not attempt to rectify its inadvertent release until late November. Although counsel for Airtrol claims he only became aware of the release on November 27th, he has failed to establish that he acted swiftly and diligently, particularly given the subsequent discovery involving these documents.[4] Clearly, even if the attorney client privilege had applied to this set of documents, Airtrol waived that privilege by its disclosure, lack of diligence after receipt of the Rule 31 discovery, and dilatory discovery and assertion of the privilege. For these reasons the motion to snap back (docket #14) is DENIED.

Kuest also moves to compel Airtrol to supplement its discovery, pursuant to Federal Rules of Civil Procedure 26(e) and 37, and asks for expedited consideration of the motion given the mediation scheduled for later this month. While additional information is always helpful to the settlement process, it does not appear that consideration of this aspect of the motion is so critical to the negotiation process so as to depart from the general response time allowed under the rules. If the mediation is unsuccessful, Kuest may reurge this aspect of its motion to compel. At this time, it will be DENIED.

To the extent the parties seek fees and sanctions for the filing of these motions and/or

---

[4]"To determine if a privilege is waived by inadvertent disclosure of documents, the majority of federal courts generally apply a balancing test on a case-by-case basis. **Briggs & Stratton Corp. v. Concrete Sales & Services**, 176 F.R.D. 695, 699 (M.D.Ga.1997). The factors to consider include: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error, (3) the scope of the production; (4) the extent of the disclosure, and (5) overriding issues of fairness. **In re Copper Market Anti-trust Litigation**, 200 F.R.D. 213, 222 (S.D.N.Y. 2001)." **Fleet Business Credit Corp. v. Hill City Oil Co., Inc.,** 2002 WL 31741282, *3(W.D.Tenn. 2002).

responses those requests are DENIED.

Finally, the parties are reminded that Local Rule CV-7(c) and (d) direct that motions and responses be limited to ten pages in length.[5]

Having resolved all matters for which this case was referred to the undersigned, it is RETURNED to the District Court.

It is so ORDERED.

**SIGNED** on December 8, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5]The scheduling order in this case permits the filing of *dispositive* motions and responses which are 20 pages or less. Docket #11.